AO (Rev. 5/85) Criminal Complaint

**FILED IN OPEN COURT**
10.6.2020
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

ELDER SOLIS-SANCHEZ

**CRIMINAL COMPLAINT**

Case No. 3:20-mj- 1342-MCR

I, the undersigned complainant, being duly sworn, state that the following is true and correct to the best of my knowledge and belief. On or about October 3, 2020, in Flagler County, in the Middle District of Florida, the defendant,

> a citizen of Guatemala and an alien in the United States, was found unlawfully present in the United States without first having obtained the consent of the Attorney General or the Secretary of Homeland Security for the United States to apply for admission to or re-enter the United States after having been deported and removed from the United States on or about April 8, 2008, and on or about July 1, 2008,

in violation of Title 8, United States Code, Section 1326. I further state that I am a Border Patrol Agent for the Department of Homeland Security, Customs and Border Protection, United States Border Patrol, and that this Complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof:   ☒ Yes   ☐ No

Signature of Complainant
Michael T. Wright Jr.

Sworn to before me and subscribed in my presence,

on October 6, 2020                                at       Jacksonville, Florida

MONTE C. RICHARDSON
United States Magistrate Judge
Name & Title of Judicial Officer

Signature of Judicial Officer

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Michael T. Wright Jr., being a duly sworn and appointed Border Patrol Agent for the Department of Homeland Security, Customs and Border Protection, United States Border Patrol, hereby make the following statement in support of the attached criminal complaint.

1. Your affiant has been a Border Patrol Agent ("BPA") for more than sixteen years. Your affiant has training and experience in the enforcement of the immigration and nationality laws of the United States. In addition, your affiant has training and experience in the preparation, presentation, and service of criminal complaints and arrest warrants.

2. On October 2, 2020, Supervisory Border Patrol Agent Fernando Zavala of the Jacksonville Border Patrol Station received a call for assistance from the Flagler County Sheriff's Office regarding a subject who had been arrested for driving with an expired license. The subject, identified as ELDER SOLIS-SANCHEZ, presented the arresting deputy with a Guatemalan passport as identification. The deputy provided SBPA Zavala with the biographical information set forth in the passport. SBPA Zavala conducted immigration record checks on SOLIS-SANCHEZ and could not find any immigration documents or petitions allowing SOLIS-SANCHEZ to be legally present in the United States. SBPA Zavala filed a detainer for SOLIS-SANCHEZ with the Flagler County jail.

3. On October 3, 2020, the Flagler County Sheriff's Office notified SBPA Zavala that SOLIS-SANCHEZ had posted bond and was awaiting release. Your affiant then went to the Flagler County jail and made contact with SOLIS-SANCHEZ. Your affiant identified himself as a Border Patrol Agent and questioned SOLIS-SANCHEZ as to his citizenship. SOLIS-SANCHEZ stated that he was a citizen of Guatemala and that he was illegally present in the United States. Your affiant asked if he had filed for any type of legal status in the United States and he responded that he had not and did not have any immigration documents. Your affiant placed SOLIS-SANCHEZ under administrative arrest and transported him to the Jacksonville Border Patrol Station for processing.

4. At the Border Patrol Station, your affiant entered SOLIS-SANCHEZ's fingerprints into a biometric identification system that compared his fingerprints with the fingerprints of persons who had been previously encountered by immigration authorities. The system returned a match and reflected that SOLIS-SANCHEZ had been previously encountered and, as a result of this encounter, had been assigned an Alien Registration number ("A-number"). Your affiant then conducted additional computer checks using the A-number, which reflected that SOLIS-SANCHEZ is a citizen of Guatemala who has been previously removed to Guatemala.

5. Additional database checks revealed that SOLIS-SANCHEZ was ordered removed in absentia by an immigration judge on October 17, 2007. He

was subsequently administratively arrested and removed to Guatemala through Miami, Florida, on April 8, 2008. On May 23, 2008, SOLIS-SANCHEZ was administratively arrested in Arizona and was subsequently removed to Guatemala through Phoenix, Arizona, on July 1, 2008. There was no record that SOLIS-SANCHEZ had ever applied for or received permission from the Attorney General or the Secretary of Homeland Security for the United States to re-enter the United States.

6. On October 5, 2020, at approximately 3:20 p.m., Assistant United States Attorney Arnold B. Corsmeier was advised of the foregoing facts and he authorized criminal prosecution of SOLIS-SANCHEZ.

Based upon the foregoing facts, your affiant believes there is probable cause to establish that ELDER SOLIS-SANCHEZ is a citizen of Guatemala who has been found unlawfully present in the United States without first having obtained the consent of the Attorney General or the Secretary of Homeland Security for the United States to apply for admission to or re-enter the United States after having been deported or removed from the United States, in violation of Title 8, United States Code, Section 1326.

Michael T. Wright Jr.
Border Patrol Agent
United States Border Patrol
Jacksonville, Florida